IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                              Case No. 4:15-cr-00042-1 KGB

JOHN CLAIBORNE                                                                      DEFENDANT

ORDER

Before the Court are a motion for compassionate release filed *pro se* by defendant John Claiborne and a motion for reduction of sentence or compassionate release filed by Mr. Claiborne (Dkt. Nos. 43, 44). The government responded in opposition to the motions (Dkt. No. 47). The government asserts that compassionate release is not warranted in this case. Mr. Claiborne filed a reply (Dkt. No. 48). For the following reasons, the Court denies Mr. Claiborne's motions (Dkt. Nos. 43, 44).

I.      Background

Mr. Claiborne was sentenced by this Court on June 1, 2017, to a term of 120 months in the Federal Bureau of Prisons ("BOP") to be followed by five years of supervised release (Dkt Nos. 40, 41). He was found guilty of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Dkt. No. 41).

In support of his motion, Mr. Claiborne alleges that, as a 52 year old African American man who suffers from obesity, high blood pressure, sleep disorder, and obstructive sleep apnea and who requires a CPAP breathing machine to help him breathe at night, he is at greater risk for complications, should he contract COVID-19 (Dkt. Nos. 43, at 1, 44 at 2). Mr. Claiborne also maintains that he has suffered from walking pneumonia twice (Dkt. No. 44, at 2). Mr. Claiborne cites his children, arguing that his children need him at home for support and guidance. Mr.

Claiborne has a child who suffers from sickle cell and has required medical attention as a result (Dkt. No. 43, at 4). Further, he maintains that he has taken all of the classes at the BOP that he can to better himself and his situation (*Id*., at 2). He describes for the Court the employment offer he has waiting and his release plan to assist him in transitioning back to the community and supporting his family (*Id*., at 3-4).

In its response to Mr. Claiborne's motions, the government concedes that this Court has jurisdiction to consider the motions but maintains that compassionate release is not warranted in Mr. Claiborne's case (Dkt. No. 47).

**II.    Discussion**

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Mr. Claiborne seeks relief from this Court under the CARES Act, the Court denies his motion.

The Court interprets Mr. Claiborne's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194,

5239–40 (2018) (codified at 18 U.S.C. § 3582).  For the following reasons, the Court denies Mr. Claiborne's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority.  *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979).  The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed.  *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons.  The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP.  *See* 18 U.S.C. § 3582(c)(1).  Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The BOP may oppose a defendant's motion for compassionate release.  The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.  The government acknowledges that it appears that Mr. Claiborne has satisfied the exhaustion requirement and that this Court has jurisdiction (Dkt. No. 47, at 2).

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Claiborne meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record. Mr. Claiborne does not argue that he meets either of these requirements. Instead, Mr. Claiborne cites his current health situation and his children and family obligations in support of his motion. The government acknowledges that Mr. Claiborne is 52 years old, that he is obese which the Centers for Disease Control and Prevention ("CDC") has recognized as a risk factor associated with COVID-19, and that he has been diagnosed with hypertension, which the CDC has indicated might be a risk factor associated with COVID-19 (Dkt. No. 47, at 3). The government does not dispute that Mr. Claiborne has these conditions, nor does the government dispute that, if the Court determines that Mr. Claiborne has a medical condition that the CDC has identified as a risk factor for COVID-19 and from which he

is not expected to recover, the Court could reasonably find the existence of an extraordinary and compelling reason to grant compassionate release, if the other criteria also are met (*Id.*, at 4-5). Here, the government maintains that Mr. Claiborne poses a risk to the community if he were to be released and, therefore, argues against compassionate release (*Id.*, at 5).

The Court acknowledges that Mr. Claiborne cites his children and family obligations in support of his motion. He does not claim that his ex-wife is unable to care for the children but instead claims only that it is hard on her, given the current circumstances and with Mr. Claiborne in prison. Mr. Claiborne was responsible for his children and family obligations while he was involved in the criminal conduct giving rise to this conviction and at the time this Court initially sentenced Mr. Claiborne. For these reasons, although the Court is sympathetic, the Court cannot conclude this is an extraordinary or compelling reason sufficient to qualify for compassionate release. Each criminal defendant who appears before the Court puts his or her family through hardship as a result of criminal conduct; this circumstance unfortunately is not unique to Mr. Claiborne.

Even if Mr. Claiborne could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g) factors, all of which the Court has considered. Specifically, here, the Court considers Mr. Claiborne's extensive criminal history including burglary, aggravated robbery, theft of property, and kidnapping as well as the seriousness of the crime for which he is currently incarcerated. Mr. Claiborne previously had a sentence commuted to make him parole eligible, but then he was later convicted of possession of marijuana with intent to deliver and was charged with the instant offense. While on pretrial release in this case, Mr. Claiborne tested positive for alcohol and was arrested for driving while intoxicated, fleeing, and resisting arrest.

Mr. Claiborne's criminal history and failure to follow conditions weigh against granting his motion (Dkt. No. 47, at 9-10). Based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time.

### III. Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Claiborne's motions for compassionate release and to reduce his sentence (Dkt. Nos. 43, 44).

So ordered this 5th day of October, 2020.

                                                                Kristine G. Baker
                                                                United States District Judge